UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Justin Evans**,<br><br>     Plaintiff,<br><br>v.<br><br>**Avenge Digital, LLC and**<br>**Allstate Insurance Company,**<br><br>     Defendant. | Case No. 4:21-cv-247<br><br>Complaint and Demand for Jury Trial |

## COMPLAINT

**Justin Evans** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Avenge Digital, LLC and Allstate Insurance Company** (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Spring, Texas, 77389.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Avenge Digital, LLC ("Avenge") is a business entity with a mailing address at 5915 196th Avenue NE, Redmond, WA 98053.

8. Defendant Allstate Insurance Company ("Allstate") is a business entity with a mailing address at 27555 Executive Drive, Ste. 225, Farmington Hills, Michigan 48331.

9. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

10. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Defendant Allstate sells insurance products, including auto insurance.

12. Defendant Avenge is a marketing and lead generation company and is one of the "top buyers of auto insurance calls in the US." See https://avengedigital.com/our-company.

13. Avenge's website also states: "Our Superpower Is Making Your Phone Ring!" See https://info.avengedigital.com/how-it-works-1

14. Avenge placed numerous automated calls and automated text messages to Plaintiff's cellular telephone number ending in 8933 for solicitation purposes.

15. Plaintiff has only used the number ending in 8933 as a cellular telephone.

16. Defendants did not obtain consent prior to placing calls or sending text messages to Plaintiff.

2

17. Plaintiff was not interested in obtaining new auto insurance and did not seek information related to auto insurance from Defendants or any other company.

18. On August 11, 2020 at 1:01, August 12, 2020 at 12:00, August 13, 2020 at 11:46, and August 17, 2020 at 12:01 Defendant Avenge sent text message to Plaintiff on Defendant Allstate's behalf asking if he was interested in an auto insurance quote.

19. Defendant Avenge also placed calls to Plaintiff on Allstate's behalf on August 12, 2020 at 11:53 and 3:11, August 13, 2020 at 12:20, August 14, 2020 at 3:07, and August 19, 2020 at 10:33 and 2:24.

20. When placing these calls and text messages to Plaintiff Defendant used an automatic telephone dialing system and/or a pre-recorded voice.

21. On August 19, 2020 Plaintiff spoke with Defendants' representative Sergio and confirmed that the calls were related an insurance policy through Defendant Allstate.

22. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

23. Plaintiff's cellular telephone number ending in 8933 has been on the Do Not Call Registry since January 4, 2005.

24. Upon information and belief, Defendant Allstate authorized Defendant Avenge to solicit and generate prospective customers for insurance policies with Allstate.

25. The actions described herein were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 4, 2005.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31.     Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 4, 2005.

32.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33.     The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANTS VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERICAL CODE

35.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

37. Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Justin Evans,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

   g. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

  h. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

  i. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Justin Evans,** demands a jury trial in this case.

Respectfully submitted,

Dated: 01/25/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com